1  Ahren A. Tiller, Esq. [SBN: 250608]
   BLC Law Center, APC
2  1230 Columbia St., Ste 1100
   San Diego, CA 92101
3  Phone (619) 894-8831
   Facsimile: (866) 444-7026
4  Email: Ahren.Tiller@blc-sd.com

5  Attorneys for Plaintiff
   MONICA CERVANTES

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10                                              Case No.: __'22 CV0148 L___BGS__

11

12   MONICA CERVANTES,                          **COMPLAINT FOR DAMAGES
                                                 FOR (1) VIOLATIONS OF THE
13              Plaintiff,                       ROSENTHAL FAIR DEBT
                                                 COLLECTION PRACTICES ACT
14        vs.                                    (CAL. CIV. CODE §§ 1788-1778.32);
                                                 AND (2) VIOLATIONS OF THE
15   COMENITY BANK,                              TELEPHONE CONSUMER
                                                 PROTECTION ACT (47 U.S.C.
16              Defendant,                       §227)**

17

18                                              **JURY TRIAL DEMANDED**

19

20                    **COMPLAINT FOR DAMAGES**

21                         **INTRODUCTION**

22   1. MONICA CERVANTES (hereinafter referred to as "Plaintiff"), by and through

23      her Counsel of record, brings this action against COMENITY BANK (hereinafter

24      referred to as "Comenity" or "Defendant"), pertaining to actions by Defendant to

25      unlawfully collect a debt allegedly owed by Plaintiff, including but not limited to,

26      collection via the use of an Automated Telephone Dialing System ("ATDS")

27      and/or Artificial or Prerecorded Voice in violation of the Telephone Consumer

28      Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), and the Rosenthal Fair Debt

1   Collection Practices Act ("RFDCPA" [Cal. Civ. C. §§ 1788-1788.32]), thereby

2   invading Plaintiff's privacy, and causing Plaintiff damages.

3   2.   The California legislature determined that unfair or deceptive collection practices

4   undermine the public confidence which is essential to the continued functioning of

5   the banking and credit system.  The legislature further determined there is a need

6   to ensure that debt collectors and debtors exercise their responsibilities to one

7   another with fairness, honesty, and due regard for the rights of others.  The

8   legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection

9   Practices Act of California (hereinafter "RFDCPA") was to prohibit debt

10   collectors from engaging in unfair or deceptive acts or practices in the collection

11   of consumer debts and to require debtors to act fairly in entering into and honoring

12   such debts.[1]  Cal. Civ. Code § 1877.17 incorporates the FDCPA into the

13   RFDCPA, by stating that every debt collector collecting or attempting to collect a

14   consumer debt shall comply with the provisions of the Federal Fair Debt

15   Collection Practices Act, sections 1692b to 1692j, inclusive, of, and shall be

16   subject to the remedies in Section 1692k of, Title 15 of the United States Code.

17   3.   The Telephone Consumer Protections Act (hereinafter referred to as "the TCPA")

18   was designed to prevent calls like the ones described within this complaint, and to

19   protect the privacy of citizens like Plaintiff.  "Voluminous consumer complaints

20   about abuses of telephone technology – for example, computerized calls

21   dispatched to private homes – prompted Congress to pass the TCPA." *Mims v.*

22   *Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

23   4.   In enacting the TCPA, Congress specifically found that "the evidence presented to

24   Congress indicates that automated or prerecorded calls are a nuisance and an

25   invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13.  See also,

26   *Mims,* 132 S. Ct., at 744.

27

28

---

[1] CA Civil Code §§ 1788.1(a)-(b)

*Cervantes vs. Comenity - Complaint for Damages*

5.  As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered— and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

> *Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012)

6.  Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding herself, which are made and based upon personal knowledge.

## JURISDICTION AND VENUE

7.  This action is based on Defendant's violations of the RFDCPA found in California Civil Code §§ 1788 - 1788.32; and the TCPA found in Title 47 of the United States Code Section 227, *et seq.*.

8.  This Court has jurisdiction over Defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA.

9.  The unlawful practices alleged herein occurred in California, in the County of San Diego and violated California's Civil Code §§ 1788 - 1788.32.

10. This Court further has supplemental jurisdiction over Plaintiff's California Causes of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law claims are so related to Plaintiff's Federal TCPA claims in this action, that they form part of the same case or controversy.

11. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred

*Cervantes vs. Comenity - Complaint for Damages*

and are occurring in the County of San Diego, California. Furthermore, Defendant regularly conducts business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.

## PARTIES

12. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

13. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

14. On information and belief, Plaintiff alleges that Defendant Comenity Bank ("Comenity") is a national banking association, organized under the laws of the United States, and incorporated and existing under the laws of the state of Delaware, with its headquarters in Draper, UT.

15. A significant portion, if not a majority, of Comenity's business operations are dedicated to servicing debt, including consumer credit card debt. Part of Comenity's regular business practice is to make repeated phone calls to persons it believes responsible for paying past-due debts.

16. Defendant Comenity regularly attempts to collect through the use of mails, electronic communication, and telephone, "consumer debts" allegedly owed to it, as that term is defined by Cal. Civ. Code §1788.2(f).

17. When individuals owe Defendant Comenity debts for regular monthly payments on consumer loans and credit cards, and other similar obligations, Defendant Comenity collects on those consumer debts owed to it through the mail, electronic communication, and telephone. Therefore, Defendant Comenity is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

*Cervantes vs. Comenity - Complaint for Damages*

18. Defendant is, and all times mentioned herein, was a corporation and "person," as defined by 47 U.S.C. § 153(39).

19. When individuals owe Comenity debts for regular monthly payments on consumer loans and credit cards, and other similar obligations, Comenity collects on those consumer debts owed to them through the use of the mail, electronic communication, and the telephone.  Therefore, Comenity is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

20. At all times relevant hereto, Defendant used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff's cellular telephone using an automated or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. § 227(b)(1)(A).

21. Defendant is, and all times mentioned herein, was a corporation and "person," as that term is defined by 47 U.S.C. § 153(39).

22. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a "consumer credit transaction."  Thus, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

**GENERAL ALLEGATIONS**

23. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

24. Prior to 2018, Plaintiff was issued a Comenity credit account.  Said credit account was issued by Defendant Comenity to Plaintiff, and said debt was incurred for personal, family, or household purposes, thus said Comenity credit card account was a consumer debt resulting from a consumer credit transaction as those terms are defined by Cal. Civ. C. § 1788.2.  The aforementioned credit

*Cervantes vs. Comenity - Complaint for Damages*

card account was issued, serviced, and collected upon by Defendant Comenity.

25. Plaintiff made payments toward the aforementioned Comenity credit card account when she took them out and maintained good standing until Plaintiff fell on financial hardship and was unable to maintain the regular monthly payments.

26. Upon going into default on said Comenity credit card account, agents for Comenity called Plaintiff multiple times and requested payment using an ATDS and/or a Recorded Voice, often 2-3 times per day, almost every single day.

27. The aforementioned collection calls were made to Plaintiff's cellular telephone.

28. Plaintiff sought out and retained an attorney to represent her with regards to the debts allegedly owed to Comenity.

29. On December 3, 2021, an associate attorney at BLC Law Center, APC drafted and mailed a Cease-and-Desist letter, whereby Plaintiff's Attorney stated in writing that Plaintiff was revoking consent to call her regarding any debt, including the two aforementioned Comenity accounts via any manner, including but not limited to the use of an ATDS, that Plaintiff had retained Counsel, and that Comenity needed to cease calling Plaintiff pursuant to the RFDCPA ("Letter"). Said Letter referenced the last four digits of Plaintiff's social security number in order to help Comenity identify the Plaintiff's account.

30. Said Letter clearly informed Comenity that Plaintiff was represented by Counsel, thus said Letter constituted written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that Plaintiff was represented by an attorney with respect to any debt allegedly owed to or serviced by Defendant, and request was thereby made that all communications regarding this alleged consumer debt must be directed exclusively to Plaintiff's attorney, and said Letter clearly revoked any prior consent to contact Plaintiff via the use of an automated dialing system phone, text, or other method, including but not limited to calls with a pre-recorded or automated voice messages.

31. Despite Defendant receiving receipt of the Plaintiff's Attorney's Letter dated

*Cervantes vs. Comenity - Complaint for Damages*

December 3, 2021, Defendant continued to willfully call Plaintiff's cellular telephone and request payments using an ATDS and/or a Recorded Voice, often 2-3 times per day, almost every single day.  Representatives of Comenity have continued to call Plaintiff in excess of one-hundred (100) times since December 3, 2021 on her cellular telephone via the use of and ATDS and/or prerecorded voice message and/or via the use of an artificial voice.

32. Further, since receipt of the December 3, 2021 Letter from Plaintiff's Counsel demanding that Comenity cease from contacting Plaintiff, Comenity has also sent multiple collection letters to Plaintiff during said time period.

33. Defendant has called Plaintiff over one-hundred (100) times in total, after receipt in writing and orally of notice that Plaintiff revoked any prior consent to call Plaintiff via the use of an ATDS and/or Recorded Voice, had retained Counsel for any debts owed to Comenity, and after providing an explicit warning that all direct contact with Plaintiff should cease pursuant to the RFDCPA.

34. Despite having received Plaintiff's December 3, 2021 Letter sent to Defendant's two separate addresses for correspondences, Comenity continues to call Plaintiff to date, often multiple times per day in rapid succession, which is indicative of a computerized artificial and/or prerecorded voice.

35. Comenity, or its agents or representatives, have contacted Plaintiff on her cellular telephone over one-hundred (100) times since December 3, 2021, including using an ATDS and/or Recorded voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

36. Many of the Defendant's calls to Plaintiff after receiving the letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

37. The multiple calls made by Defendant or its agents after December 3, 2021, were therefore made in violation of 47 U.S.C. § 227(b)(1).

38. Despite receipt of Plaintiff's Attorney's Letter sent to Defendant's mailing address, and verbal notice from Plaintiff to cease calling Plaintiff's cellular

*Cervantes vs. Comenity - Complaint for Damages*

telephone via the use of an ATDS and/or Recorded Voice, all of which provided irrefutable notice that Plaintiff had revoked consent to call her cellular telephone by any means and that she had retained Counsel regarding these alleged debts, Defendant Comenity continues to contact Plaintiff repeatedly to date.

**CAUSES OF ACTION**

**I.**

**FIRST CAUSE OF ACTION**

**Violations of California Rosenthal Fair Debt Collection Practices Act**

**(California Civil Code § 1788.14(c))**

39. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

40. When Plaintiff's Counsel sent the December 3, 2021, cease-and-desist letter to Comenity, Defendant Comenity was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

41. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question.   This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

42. By calling Plaintiff on her cellular phone over 100 times after receipt of the December 3, 2021 letter from Plaintiff's Counsel, Comenity violated Cal. Civ. Code §1788.14(c).

43. As a result of the constant collection calls by Comenity, Plaintiff has experienced anxiety, irritability, and has at times been unable to calm down as the constant

*Cervantes vs. Comenity - Complaint for Damages*

and harassing collection calls by Comenity are overwhelming.  Therefore, Plaintiff has suffered emotional distress as a result of Defendant's violations of Cal. Civ. Code §1788.14(c).

44. Further, as stated previous, Cal. Civ. C. § 1788.17 incorporates the FDCPA into the Rosenthal Fair Debt Collection Practices Act, therefore if an individual violated 15 U.S.C. § 1692(d), they in turn violate the RFDCPA.

45. 15 U.S.C. § 1692d(5) provides in pertinent part,

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5)Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number

46. Therefore, Defendant's acts of calling Plaintiff over 100 times was a separate violation of 15 U.S.C. § 1692d(5), which is incoporated into the RFDCPA via Cal. Civ. C. § 1788.17.

## II.

## SECOND CAUSE OF ACTION

### Negligent Violations of the TCPA

### (47 U.S.C. § 227 *et. seq.*)

47. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

48. Through the December 3, 2021 Letter sent by Plaintiff's Counsel, Plaintiff revoked any alleged consent for Comenity or its agents or representatives to call Plaintiff on her cellular telephone via the use of an ATDS and/or Recorded Voice and/or artificial voice.

49. The foregoing acts and omissions of Comenity constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

*Cervantes vs. Comenity - Complaint for Damages*

50. As a result of Comenity's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

51. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A)

### III.
### THIRD CAUSE OF ACTION
### Knowing and/or Willful Violations of the TCPA
### (47 U.S.C. § 227 Et. Seq.)

52. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

53. Through the December 3, 2021 Letter sent by Plaintiff's Counsel to Comenity's corporate headquarters, Plaintiff revoked any alleged consent for the Comenity or its agents or representatives to call Plaintiff on her cellular telephone via the use of an ATDS and/or Recorded Voice.

54. The foregoing acts of the Comenity constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

55. Therefore, since Comenity or its agents or representatives continued to call Plaintiff despite indisputably being informed not to call Plaintiff on multiple occasions through multiple different means, and that Plaintiff had revoked any alleged prior consent to call Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, Comenity's acts were willful.

56. As a result of Comenity's knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, the Plaintiff is entitled to an award of $1,500 in statutory damages for each and every one of Comenity's over one-hundred (100) knowing and/or willful violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C).

57. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

*Cervantes vs. Comenity - Complaint for Damages*

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant Comenity herein, respectfully request this Court enter a Judgment against Defendant as follows:

a.  As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof.

b.  As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b).

c.  As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c).

d.  As to the Second Cause of Action, $500 in statutory damages for each and every one of Defendant's negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B).

e.  As to the Second Cause of Action, injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

f.  As to the Third Cause of Action, $1,500.00 in statutory damages for each and every one of Defendant's one-hundred (100) knowing and/or willful violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(C).

g.  For such other and further relief as the Court may deem just and proper.


Dated: February 2, 2022              By:    */s/ Ahren A. Tiller*
                                            Ahren A. Tiller, Esq.
                                            BLC Law Center, APC
                                            Attorneys for Plaintiff

*Cervantes vs. Comenity - Complaint for Damages*

1

**DEMAND FOR JURY TRIAL**

2          Pursuant to the Seventh Amendment to the Constitution of the United States of

3  America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by

4  jury.

5

6  Dated: February 2, 2022                    By:      */s/ Ahren A. Tiller*
                                                        Ahren A. Tiller, Esq.
7                                                       BLC Law Center, APC
                                                        Attorneys for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28